IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v. No. 4:06CR00183 SWW

GARY MARCUS SMITH

PRELIMINARY ORDER OF FORFEITURE
Fed.R.Crim.P. 32.2(b)

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty verdict on Count 1 and 2 of the Information, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), defendant shall forfeit to the United States:

a. any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s).

2. The Court has determined, based on the evidence already in the record that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 1348 and 2(b), and that the government has established the requisite nexus between the offense for which the defendant has been convicted and the following property:

1. CENTENNIAL BANK (Account No. 59956)
2. CENTENNIAL BANK (Certificate of Deposit No. 3925)
3. CENTENNIAL BANK (Certificate of Deposit No. 3939)

4. E*TRADE (Account No. 67623181)

5. E*TRADE (Account No. 2007844612)

6. FIMAT PREFERRED LLC (Account No. C180919 in the name of Gary M. Smith)

7. TEXAKOMA OPERATING, LP (Check No. 5354 dated December 27, 2005 in the amount of $13,556.25)

8. 4591 WALL STREET LANE, PINE BLUFF, ARKANSAS (more particularly described as Jefferson County Parcel No. 001-12915-001, NW 1/4 of the SW 1/4 of the SE 1/4, Section 19, Township 7 South, Range 9 West)

9. 4590 WALL STREET, PINE BLUFF, ARKANSAS (more particularly described as Jefferson County Parcel No. 001-12915-004, The Southwest Quarter (1/4) of the Southwest Quarter (1/4) of the Southeast Quarter (1/4) of Section 19, Township 7 South, Range 9 West, containing 10.19 acres +or- (Also known as Lot #4 Hancock South Development)

10. 10 ACRES OF LAND ON WALL STREET, PINE BLUFF, ARKANSAS (more particularly described as Jefferson County Parcel No. 001-12915-002, NE 1/4 of the SW 1/4 of the SE 1/4, Section 19, Township 7 South, Range 9 West)

11. 10 ACRES OF LAND ON WALL STREET, PINE BLUFF, ARKANSAS (more particularly described as Jefferson County Parcel No. 001-12915-003, SE 1/4 of the SW 1/4 of the SE 1/4, Section 19, Township 7 South, Range 9 West)

12. PASCHEE HOUSE, COLUMBUS, BURKE COUNTY, NORTH DAKOTA (more particularly described as Parcel No.07241000, Burke County, North Dakota)

13. 10 ACRES OF LAND IN SULPHUR SPRINGS COMMUNITY, PINE BLUFF, ARKANSAS (more particularly described as Jefferson County Parcel No. 001-10063-000, SE 1/4 of NE 1/4 of SW 1/4, Section 22, Township 6 South, Range 10 West)

14. 40 ACRES IN RISON, ARKANSAS (more particularly described as Cleveland County Parcel No. 03443-02, Northeast Quarter of the Northwest Quarter (NE1/4NW1/4) of Section 25, Township 8 South, Range 10 West, containing 40 acres, more or less). Also an access easement with the right of ingress and egress over the North 25 feet of the Northwest Quarter of the Northwest

Quarter (NW1/4NW1/4) of Section 25, Township 8 South, Range 10 West)

15. 7.79 ACRES IN JEFFERSON RIDGE SUBDIVISION, PINE BLUFF, ARKANSAS (more particularly described as Lot 8, Parcel No. 403-00008-000, The Southeast Quarter (SE1/4) of the Northwest Quarter (NW 1/4) of Section 2, Township 4 South, Range 11 West of the 5th P.M., lying West of Highway 365)

16. LOT NOS. 1, 6, AND 15, LOVE CREEK SUBDIVISION, located off Arkansas Highway 365 in Jefferson County, Arkansas, (more fully described as SE1/4 of the NW 1/4, Section 2, Township 4 South, Range 11 West)

17. 2005 GMC SIERRA (VIN 1GTHK23295F878665)

18. GREENWOOD #1 PROSPECT, WISE COUNTY, TEXAS (Subscription to 2 units, totaling $89,500)

19. JORDAN #1 PROSPECT, WISE COUNTY, TEXAS (Subscription to 1 unit, totaling $43,500)

20. MCMORDIE 84-1 PROSPECT, ROBERTS COUNTY, TEXAS (Subscription to 4 units, totaling $223,000)

21. L&M PROSPECT, HARDEMAN COUNTY, TEXAS (Subscription to 3.5 units, totaling $147,000)

22. DIAMOND RING

23. JOHN DEERE COMMERCIAL LAWNMOWER

24. D-3 CAT BULLDOZER (VIN 27403265G1093)

25. CERTAIN OBLIGATION of DONNIE ROACH d/b/a C&D CONSTRUCTION (Case Backhoe)

26. 26 FOOT FULLY ENCLOSED DOG TRAILER

27. 20 FOOT UTILITY TRAILER

28. 12 FOOT UTILITY TRAILER

29. JOHN DEERE SIX-WHEEL GATOR WITH DOG BOX

30. POLARIS RANGER

31. SIX HOLE DOG TRAILER

32. SEVEN COMPARTMENT DOG BOX

33. YAMAHA MULE

34. PORTABLE DOG KENNEL

35. TWO PORTABLE DOG KENNEL

36. ONE PORTABLE DOG KENNEL

3. Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

4. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest

in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21, United States Code, Section 853(n)(2).

7. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party

interests, or, if none, following the expiration of the period provided in Title 21 United States Code, Section 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

SO ORDERED this 14th day of June, 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE